**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1350
_____

DANIEL WERT,
                                                            Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-18-cv-00963)
Chief District Judge: Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 10, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Daniel Wert appeals from an order of the District Court dismissing his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Wert, a federal prisoner, filed a § 2241 petition for writ of habeas corpus, challenging the sanctions he received for a Code 112 violation (Use Of Any Narcotic, Marijuana, Drugs, Alcohol, Intoxicants, Or Related Paraphernalia, Not Prescribed For The Individual By Medical Staff) on the ground that he was deprived of his right to present a full defense to the charges. The incident report issued to Wert states that officials at USP Allenwood received a report from Pharmatech Laboratories, which indicated that Wert's urine sample – collected on July 19, 2017 – tested positive for Buprenorphine (Suboxone); and that a review of his medical records showed that he had not been prescribed that medication (which, we note, is used to treat an opioid addiction). Wert appeared before the Unit Disciplinary Committee and stated: "I've never done that before in my life." The Unit Disciplinary Committee referred the charge to a Disciplinary Hearing Officer ("DHO"), recommending that, if found guilty, the sanctions against Wert include the loss of 40 days of good conduct time.

At his disciplinary hearing on August 7, 2017, Wert waived his right to a staff representative, and his right to present witnesses. He gave this statement: "I don't do drugs." Wert was found guilty of violating Code 112 based on the weight of following evidence: the Pharmatech Laboratories toxicology report; a Chain of Custody Form

2

signed by Wert indicating that the urine sample which allegedly tested positive for Buprenorphine (Suboxone) was the same urine sample he had provided; and a memorandum from a prison health official stating that Wert had not been prescribed this drug or any drug that would cause this result. The report states: "The DHO believed the information provided by the staff member involved in this case, as they derived no known benefit by providing false information." The DHO imposed the following sanctions: Disciplinary Segregation – 30 days; Loss of Telephone Privileges – 8 months; and Loss of Visitation – 8 months.

Wert timely appealed the misconduct and sanctions at the Regional level, contending that he had never used Buprenorphine (Suboxone) "in [his] entire life," that he had not been provided with a copy of the Pharmatech Laboratories toxicology report on which the DHO had relied; and that the "level the DHO said I tested positive for is not high enough to justify a positive saturation level conviction." Wert asked that his urine sample be retested, alleging "[p]ossible cross-contamination due to prison negligence;" and that the officer who administered the urinalysis "did not change his gloves prior to handling [Wert's] cup." On September 25, 2017, the Regional Director denied Wert's appeal, concluding that there "were no due process concerns or deviations from policy;" that the decision of the DHO was based on the greater weight of the evidence; and that the sanctions imposed were not disproportionate to the misconduct.

Wert then appealed at the national level. He raised the same arguments, and requested retesting of the urine sample and copies of all pertinent lab reports. While that appeal was pending, Warden L.J. Oddo approved Wert's request to have an independent drug test conducted (at Wert's expense), and a hair follicle specimen was collected from Wert by ExperTox Laboratories on December 11, 2017. In a decision dated December 20, 2017, the National Inmate Appeals Administrator denied Wert's appeal, concurring with the response provided by the Regional Director. The next day, on December 21, 2017, the test results pertaining to Wert's hair follicle were "transmitted" (according to the report itself), and the results for the presence of Buprenorphine, as certified by a physician, were "Negative."[1]

On May 8, 2018, Wert filed his § 2241 petition in the United States District Court for the Middle District of Pennsylvania, alleging a violation of his procedural due process rights in connection with the Code 112 misconduct and sanctions imposed. Wert alleged that he is actually innocent of the misconduct based on the ExperTox Laboratories toxicology report, and thus, to avoid a miscarriage of justice, his sanctions should be vacated and the misconduct expunged from his prison records. In addition, Wert noted in the § 2241 petition that he attempted to reopen administrative proceedings based on the ExperTox Laboratories report. He asserted that he sent a copy of the exculpatory lab

___

[1] Wert asserted that a hair follicle will show the presence of the subject drug for up to six months. The following note appears under the Test Comment section of the ExperTox Laboratories toxicology report: "Underarm hair tested (Up to 6 month timeframe)".

4

report to National Inmate Appeals on January 17, 2018. He further asserted that he spoke to Warden Oddo about the exonerating hair follicle report, and Warden Oddo advised him to contact the Regional Director. He asserted that he filed an additional appeal with the Northeast Regional Office, in which he argued that he was actually innocent of the misconduct based on the ExperTox Laboratories toxicology report, but that the appeal was denied on March 11, 2018 based "on a timeliness issue."

The respondent, Warden Oddo, answered Wert's § 2241 petition, arguing that it should be dismissed for lack of subject matter jurisdiction because the petition did not challenge either the fact or length of Wert's sentence or confinement. The District Court agreed, and, in an order entered on January 11, 2019, dismissed Wert's § 2241 petition.

Wert appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our Clerk granted Wert leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Wert was invited to submit argument in support of the appeal; he has not done so.

We will summarily affirm the order of the District Court dismissing Wert's § 2241 habeas petition because no substantial question is presented by the appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A federal prisoner's procedural due process challenge to a disciplinary action that results in the loss of good conduct time is properly brought under 28 U.S.C. § 2241, because the action could affect the duration of the prisoner's sentence.

5

See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (challenge that affects fact or duration of confinement must be brought in habeas petition).  Where the fact or duration of confinement is implicated, certain procedural due process protections, including the right to present exculpatory evidence, apply.  See Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 812 (10th Cir. 2007) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985)).[2]

Wert's due process challenge, however, is not properly brought under § 2241 because it did not involve the loss of good conduct time.  The DHO did not sanction Wert to any loss of good conduct time as result of the Code 112 violation.  Because Wert was not sanctioned with the loss of good conduct time, the outcome of his habeas corpus petition does not affect the length or duration of his confinement in prison and, thus, does not trigger procedural due process protections.  Wert has cited no legal authority for his argument that a prisoner's "actual innocence" of the misconduct constitutes an exception to the threshold habeas requirement of the loss of good conduct time, and we are aware of none.

---

[2] In Howard, the prisoner, who had been sanctioned with the loss of good conduct time, argued that a videotape documenting an altercation would exonerate him, but the DHO refused to produce and review the videotape, in part, on the ground that prison staff are legally obligated to tell the truth and introducing any possible videotape evidence would thus not be exculpatory.  Because critical facts relating to the prisoner's defense may have been recorded on the videotape, the Tenth Circuit Court of Appeals held that the DHO's refusal to produce and review the videotape violated the prisoner's procedural due process rights, referring to the agency's argument that prison staff are legally obligated to tell the truth as "Orwellian."  487 F.3d at 814.

To be clear, had the DHO followed the recommendation of the Unit Disciplinary Committee and sanctioned Wert to a loss of good conduct time (in any amount), the threshold requirement would be met and we could consider the novel question presented by Wert's petition, namely, whether the procedural due process requirements applicable under Wolff include the opportunity to have exculpatory evidence considered where the Warden himself approved independent testing but the results of the testing were not received until one day after the National Inmate Appeals Administrator rendered his adverse decision.  For better or worse (from his perspective), Wert was not sanctioned with the loss of good conduct time and thus he cannot maintain this habeas corpus action.

For the foregoing reasons, we will affirm the order of the District Court dismissing Wert's § 2241 petition for writ of habeas corpus.